## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:15-cv-04245-NKL |
| | ) | |
| JULIE R. BERNET, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

A Clerk's entry of default has been entered, and Plaintiff United States of America now moves for entry of final judgment against Defendant Julie R. Bernet [Doc. 17]. The motion is denied without prejudice.

## I.    Background

In this lawsuit, the United States seeks to recover amounts past due for Bernet's student loans. The case was originally filed in the District Court of Kansas, and transferred to this Court on the United States' motion, after the United States learned Bernet was living in Missouri. [Doc. 8.] Bernet was served with the summons and complaint on 12/18/2015 [Doc. 15] but filed no responsive pleading. The United States filed a motion for entry of default judgment and final judgment under Fed. R. Civ. Pro. 55(b), [Doc. 17]. Bernet did not respond to the motion. A Clerk's entry of default was entered on 2/22/2016, [Doc. 18], and Bernet was ordered to show cause why final default judgment should not be entered [Doc. 19].

In response, Bernet, acting *pro se*, asked the Court for an extension of time to respond, stating she was looking for an attorney to represent her and that she intended to raise a defense. [Doc. 20.] Bernet also explained that the materials she was served contained a header

referencing the District Court of Kansas, and when she looked up the Kansas case online, it was marked as closed. She said she assumed the case was closed, and then realized in February 2016 that it was open and proceeding in this Court when she received the Order to show cause.

Bernet has now filed an "objection" to the United States' motion for default judgment, stating she was defrauded by the college she attended. [Doc. 24.] She states that she completed all academic requirements, passed her National Board examination, and tried to obtain "ample volume of patients" to treat in the college clinic to satisfy clinic requirements, but was "arbitrarily dismissed" without receiving a degree or any other relief. [Doc. 24, pp. 1-2.] She cites a district court case she filed against the college in 1995. There, she ultimately won a jury verdict on claims of fraudulent misrepresentation and breach of contract, and recovered a judgment for actual and punitive damages which the college satisfied. *See Bernet v. Cleveland Chiropractic,* U.S. District Court, W.D. Mo., no. 4:950-cv-00567-DW.

In view of Bernet's response, the United States argues default should still be entered because Bernet received filings after she received the service materials, and those subsequent filings were correctly captioned, so she should not be heard to claim confusion. The United States further argues that fraud is no defense to its suit for recovery of the loan.

## II.    Discussion

Whether to enter default judgment is a decision that is committed to the "sound discretion" of the court. *F.T.C. v. Packers Brand Meats, Inc*., 562 F.2d 9, 10 (8th Cir. 1977). Although generally disfavored, entry of default judgment is appropriate when a party exhibits "willful violations of court rules [or] contumacious conduct, or [causes] intentional delays." *Ackra Direct Marketing Corp. v. Fingerhut Corp*., 86 F.3d 852, 857 (8th Cir. 1996) (internal quotation and citation omitted). Thus, where a party wholly fails to comply with a court order or

2

participate in a lawsuit, a court in its discretion may find a default judgment proper. *See F.T.C. v. Packers Brand Meats, Inc*., 562 F.2d 9, 10 (8th Cir. 1977) (holding that the district court did not abuse its discretion when it entered a default judgment after a party failed to respond to a subpoena or show cause to explain its actions). *See also Hall v. T.J. Cinnamon's, Inc*., 121 F.3d 434, 435 (8th Cir. 1997) (default judgment appropriate where defendant received plaintiff's complaint but did not enter an appearance for over seven months); *Comiskey v. JFTJ Corp*., 989 F.2d 1007, 1009 (8th Cir. 1993) (default judgment appropriate where defendant "fail[ed] to comply with numerous court orders"). "On the other hand, default judgment is not an appropriate sanction for a marginal failure to comply with time requirements." *Ackra*, 86 F.3d at 857 (internal quotation and citation omitted).

Bernet has explained she thought the case was closed and has promptly responded to the Court's show cause order. Whether Bernet should have earlier figured out that the case had been transferred from Kansas to Missouri and was still open, is at least debatable. Therefore, based on the record before it, the Court cannot conclude Bernet has willfully violated court rules, engaged in contumacious conduct, or intentionally caused delay.

On the other hand, the United States argues that Bernet has no meritorious defense. Obviously, if Bernet has no meritorious defense, there is no good reason to set aside the entry of default under Federal Rule of Civil Procedure 55. Likewise, any confusion Bernet had would not justify denying a motion for default judgment. On the other hand, if Bernet has an arguable defense then the case should proceed on the merits.

Therefore, the Court denies without prejudice the motion for default judgment because it must first address the question of whether the entry of default should be set aside. A telephone conference will be ordered to discuss how to resolve that issue in a timely fashion.

**III.  Conclusion**

Plaintiff United States' motion for entry of default judgment [Doc. 17] is denied without prejudice.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  May 5, 2016
Jefferson City, Missouri